UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 5777

------------------------------------------------------------------X
BEULAH HOUSING DEVELOPMENT FUND
COMPANY, INC.,

Civil Action No.:

*Plaintiff,*

**COMPLAINT**

-against-

JUDGE PAULEY

Jury Trial Demanded

WALTER BLENMAN,

RECEIVED
JUL 28 2014
U.S.D.C. S.D.N.Y.

*Defendant.*
------------------------------------------------------------------X

Plaintiff BEULAH HOUSING DEVELOPMENT FUND COMPANY, INC., complaining of the above-named defendant, by its counsel, Certain & Zilberg, PLLC, respectfully alleges the following:

## INTRODUCTION

This is an action for damages arising from violations of the Computer Fraud and Abuse Act ("CFAA"), as amended in 18 U.S.C. § 1030 et seq., specifically under the private right of action provision in 18 U.S.C. § 1030(g) of the CFAA; the Stored Communications Act ("SCA"), as amended in 18 U.S.C. § 2701 *et seq.*, specifically under the private right of action provision in 18 U.S.C. § 2707 of the SCA; and the torts of Trespass to Chattels and Conversion as defined under the laws of the State of New York.

## PARTIES

1. Plaintiff, BEULAH HOUSING DEVELOPMENT FUND COMPANY, INC. (hereinafter "BEULAH"), was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

2. Defendant WALTER BLENMAN is a citizen and domiciliary of the State of New Jersey.

## JURISDICTION AND VENUE

3. Jurisdiction is founded upon the existence of Federal Questions as this is an action brought pursuant to 18. U.S.C. § 1030, *et seq.*, and 18 U.S.C. § 2701, *et seq. See* 28 U.S.C. § 1331.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(a) given that a substantial part of the events giving rise to the claim occurred within this Jurisdictional District.

5. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

1

## **STATEMENT OF FACTS**

6. That at all times relevant herein, BEULAH is an affordable/community housing based not-for-profit organization founded in December 1991.

7. That from in or about 1996 to January 2014, Defendant BLENMAN served as the executive director of BEULAH.

8. That in or about the early Spring of 2008, Defendant BLENMAN made certain representations and projections concerning expected and significant income to BEULAH based upon his activities and executive stewardship of the organization.

9. Based upon Defendant BLENMAN's material representations concerning the future income projections, BEULAH's board members agreed to extend a retroactively proactive bonus/compensation of 15% for the period of Defendant BLENMAN's employment between April 1, 2005 and March 31, 2008.

10. However, the projections concerning BEULAH's future income by Defendant BLENMAN were inaccurate and BEULAH never realized the anticipated income which served as the basis for Defendant BLENMAN's retroactive claim to 15% bonus/compensation.

11. Furthermore, during Defendant BLENMAN's executive stewardship, BEULAH experienced numerous periods where the organization was hindered by compliance and financial issues.

12. In addition, during his executive stewardship, BLENMAN improperly and without authority utilized organization funds for non-approved and personal expenses, including the payment of his own personal home internet/cable bills, personal travel/automobile/gas expenses, and personal cell phone bills (separate from the cell phone provided for the purposes of BEULAH's business).

13. Defendant BLENMAN was ultimately terminated for directing two separate payments of funds to himself without authority, approval, consent or notice to the Board of BEULAH.

14. Further, after discovery of the above transfers, and upon the demand of the Board of BEULAH, Defendant BLENMAN refused to return the money.

15. Immediately following his termination, Defendant BLENMAN took possession of a BEULAH office Dell Vostro Model 1510 laptop computer containing BEULAH business records and data and rushed out of the BEULAH offices with said computer.

16. The laptop unlawfully taken by Defendant BLENMAN and owned by BEULAH contained email correspondence, financial data, records, documents and other sensitive information belonging to BEULAH.

17. The laptop unlawfully taken by Defendant BLENMAN and owned by BEULAH was used in interstate or foreign commerce or communication; specifically, the laptop's uses included but were not necessarily limited to sending and receiving emails in the furtherance of BEULAH's business and accessing BEULAH's financial accounts.

18. Defendant BLENMAN was fully aware that the laptop was the property of BEULAH and contained data, information and means for access to accounts that belonged to BEULAH.

19. The BEULAH laptop computer was returned weeks after it was unlawfully taken by Defendant BLENMAN, and only after intervention by detectives of the New York City Police Department.

20. However, when the subject BEULAH laptop was returned, significant BEULAH electronic data, including but not limited to e-mails, financial data, records and documents belonging to BEULAH, had been deleted from the hard drive of the BEULAH laptop computer.

21. An evaluation of the subject BEULAH laptop revealed that the hard drive of the computer had been reformatted while in the possession of Defendant BLENMAN and significant amounts of sensitive information were rendered lost and/or damaged.

22. In addition, without the consent or permission of BEULAH, Defendant BLENMAN continues to maintain unlawful possession of a certain BEULAH owned Segate FreeAgent® GoFlex™ 500 gigabyte external hard drive containing records and data that are the records and property of Plaintiff BEULAH.

## **FIRST CAUSE OF ACTION**
FRAUD IN CONNECTION WITH COMPUTERS UNDER 18 USC § 1030

23. Plaintiff realleges paragraphs 1 through 22 as though fully set forth below.

24. Defendant BLENMAN intentionally accessed a protected computer used in interstate and/or foreign commerce (specifically, the subject BEULAH laptop) without authorization or exceeded authorization, and thereby obtained, altered, modified damaged and/or deleted information in the protected computer.

25. That as a result of Defendant BLENMAN's conduct, BEULAH was required to incur significant expenses for alternate email services, to regain domain access and for computer services to investigate, advise and attempt to repair the damage caused by BLENMAN's unauthorized access.

26. That as a result of Defendant BLENMAN's conduct, BEULAH was caused to sustain damages and losses aggregating in excess of $5,000 in value.

3

## SECOND CAUSE OF ACTION
UNLAWFUL ACCESS TO STORED COMMUNICATIONS UNDER 18 USC § 2701

27. Plaintiff realleges paragraphs 1 through 26 as though fully set forth below.

28. Defendant BLENMAN intentionally accessed without authorization a facility through which an electronic service is provided (specifically, the facilities owned by Microsoft email), or intentionally exceeded an authorization to access that facility; and thereby obtained, altered or prevented access to an electronic communication while it was in electronic storage in such system.

29. That as a direct and proximate result of Defendant BLENMAN's conduct, BEULAH was denied access to its Microsoft email communications.

30. BEULAH was damaged as a direct and proximate cause of Defendant BLENMAN's conduct and has been violated under 18 U.S.C. § 2701.

## THIRD CAUSE OF ACTION
TRESPASS TO CHATTELS

31. Plaintiff realleges the paragraphs 1 through 30 as though fully set forth below.

32. BEULAH had personal property rights in the information contained in the subject laptop and email accounts, including but not limited to email correspondence, financial data, records, documents and other sensitive information used in the furtherance of BEULAH's business.

33. Defendant BLENMAN intentionally and without authorization interfered with BEULAH's enjoyment, access, use and/or control of the information contained in the subject laptop and email accounts.

34. Defendant BLENMAN's conduct deprived BEULAH of the use of the information contained in the subject BEULAH laptop and BEULAH's Microsoft email accounts for a substantial period of time.

35. BEULAH was damaged as a direct and proximate cause of Defendant BLENMAN's conduct and has been violated under 18 U.S.C. § 2701.

## FOURTH CAUSE OF ACTION
CONVERSION

36. Plaintiff realleges paragraphs 1 through 35 as though fully set forth below.

37. Without approval or authority, on or about November 22, 2013, Defendant BLENMAN caused a sum of $19,613.59 to be transferred to his account from BEULAH's bank account.

38. Without approval or authority, on or about December 6, 2013, Defendant BLENMAN caused a sum of $22,934.25 to be transferred to his account from BEULAH's bank account.

39. Without approval or authority, Defendant BLENMAN caused reimbursements to be paid to him for personal/non-business related expenses in excess of $15,000.

40. As a result of Defendant BLENMAN's wrongful conversion, BEULAH has sustained damages in a sum exceeding $57,500.

**WHEREFORE**, Plaintiff BEULAH HOUSING DEVELOPMENT FUND COMPANY, INC. demands judgment against Defendant WALTER BLENMAN for damages on each of the above causes of action set forth hereinabove in an amount to be determined by a Jury in addition to attorney's fees, interest and costs, and punitive damages, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
      July 25, 2014

Respectfully submitted,

Gary Certain, Esq.
Certain & Zilberg, PLLC
Counsel for the Plaintiff
909 Third Avenue, 28th Floor
New York, New York 10022
Tel: (212) 687-7800